# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　Fax: (877) 496-7809

June 17, 2019

VIA ECF
Magistrate Judge Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Rm. N208
Courtroom N2E – North Wing
Brooklyn, NY 11201

    **Re:** **Plaintiff's Letter Request to Enter Agreed Protective Order.**
          *Levy v. Platinum Financial Services Corp., LLC,* **1:18-cv-06936**

Dear Judge Reyes:

    The undersigned represents Plaintiff Isaac Levy in this suit against Defendants for their violations of the Fair Debt Collection Practices Act, and for related claims. Plaintiff requests the attached agreed protective order (*see* **Exhibit A**) be so-ordered. All counsel have signed the Agreed Protective Order.

    It should be noted that the attached Protective Order that Defendants ultimately agreed to is, except for a stylistic change in the footer, ***the exact same one*** Plaintiff circulated to Defendants on May 30, 2019, which itself was the exact same one circulated by Defendant Selip & Stylianou, LLP, with the addition of one sentence.[1]  On a call that day, counsel requested additional time to review this protective order, and Plaintiff consented to responding to accept or propose revisions by June 3, 2019 at 3:00 PM. No counsel responded and so, on June 4, 2019, Plaintiff filed a proposed protective order [DE 61-1] requesting that it be entered, and explaining the attempts to confer.

    On June 10, 2019, Your Honor granted Plaintiff's Motion for Protective Order [DE 61]. That evening, Defendants filed a joint letter in opposition to Plaintiff's proposed protective order. *See* DE 64. Today, June 17, 2019, at 3:27 PM, Defendants' counsel sent ***the very same*** agreement to Plaintiff that Plaintiff circulated on May 30, 2019. Plaintiff simply notes Defendants' conduct here, as with discovery generally, is delaying the progress of this case and needlessly driving up attorney's fees, an issue that will be relevant at the fee petition stage. *See Samms v. Abrams*, 198 F. Supp. 3d 311, 322 (S.D.N.Y. 2016) quoting Copeland v. Marshall, 641 F.2d 880, 904 (D.C.Cir.1980) (en banc) ("Defendant 'cannot litigate tenaciously and then be heard to complain about the time necessarily spent by plaintiff in response'").

Respectfully,
/s/

---

[1] "Nothing in this agreement modifies the 'good cause' standard for a designating party or non-party pursuant to Fed.R.Civ.P. 26(c)(1)(A)-(H), even if the Confidential information falls within categories 1 (a) .- (d) above, or item 2 below."

Ahmad Keshavarz

Enclosed: Proposed Agreed Protective Order