**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ISAAC LEVY,

                              Plaintiff,

      -v-

PLATINUM FINANCIAL SERVICES CORP. LLC, SELIP & STYLIANOU, LLP f/k/a COHEN & SLAMOWITZ, LLP, CAPITAL PROCESS SERVERS, INC., GERALD K. MURRAY, PALISADES COLLECTIONS, LLC, HOUSLANGER & ASSOCIATES, PLLC, and TODD HOUSLANGER,

                             Defendants.

Case No.: 1:18 cv 06936-DLI-**RER**

**AGREED TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

**AGREED TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

It is hereby agreed by and between counsels for the parties herein that discovery in the above captioned action is likely to involve the disclosure of Confidential Information and that the following provisions shall govern disclosure and claims of Confidential Information:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" any information, document or thing, or portion of any document or thing "Confidential":

    a. That contains sensitive commercial data, including but not limited to, trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or

    b. That contains private or confidential personal information, or

   c. That contains information received in confidence from third parties; or

   d. Which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following: **"CONFIDENTIAL"** OR **"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT"** (hereinafter referred to as "Confidential"). Nothing in this agreement modifies the "good cause' standard for a designating party or non-party pursuant to Fed.R.Civ.P. 26(c)(1)(A)-(H), even if the Confidential information falls within categories 1 (a) .- (d) above, or item 2 below.

   2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Agreement, any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Agreement, who produces or discloses any "Attorneys' Eyes Only" material, including without limitation, any

information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following: **"ATTORNEYS' EYES ONLY"** OR **""CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT – ATTORNEYS' EYES ONLY"** (hereinafter referred to as "Attorneys' Eyes Only").

3. All Confidential material shall be used by the receiving party solely for the purposes of the prosecution or defense of this action, may be used by the receiving party in support of or in opposition to any motion filed in this action, as well as any appeal of any part of this Action and must be filed under seal with the Court. All Confidential material shall not be used by the receiving party for any business, commercial, competitive, personal or other purposes, and shall not be disclosed by the receiving party or to anyone other than those set forth in Paragraph 4 below, unless and until the restrictions of Confidentiality are removed either by written agreement of counsel for the parties, or by an Order of this Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of the Confidential material, provided that such advise and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for the purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as **"Exhibit A"**.

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and Court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authorized or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure in writing;

f. Actual or proposed witnesses who do not meet the conditions of Paragraph 4(e) above shall sign a Non-Disclosure Agreement (**"Exhibit A"**) before confidential materials and the contents of confidential materials may be disclosed.

g. Vendors retained by or for the parties to assist in preparing of pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and

audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; and

h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4 above after signing a copy of the Non-Disclosure Agreement ("**Exhibit A**"). Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court Orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 4 (a), (b), (c), (d) and (f) above and the deponent during the thirty (30) days, and not individual attending such a deposition shall

disclose the contents of the deposition to any individual other than those described in Paragraphs 4 (a), (b), (c), (d) and (f) above during the thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4 above.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

8. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only objects to the designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to the designation which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party

or third party makes a timely response to the objection asserting the propriety of the designation, counsel shall then confer in good faith to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with the assigned Judge or Magistrate Judge as the Judge's Individual Rules so mandate before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9. All requests to seal documents filed with the Court shall comply with Local Civil Rules and Rules governing the Electronic Civil Filing System.

10. If the need arises during trial or at any conference or hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in

whole or in part of a party's claim of Confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Agreement.

    12.    When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosures.

    13.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall

be deemed or considered to be Confidential material under this Confidentiality Agreement.

14. This Confidentiality Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Agreement is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Confidentiality Agreement shall survive the termination of this action and remain in full force and effect unless modified by an Order of this Court or by the written Stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, each party or other individual subject to the terms of this Confidentiality Agreement shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such course so request, all copies of Confidential material that contains and/or constitute attorney work product, as well as, excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Confidentiality Agreement. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all Appeals therefrom and all related proceedings, the party shall file a Motion seeking such relief.

17. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Each person who has access to Discovery material designated as Confidential or For Attorneys' Eyes Only must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20. This Court shall retain jurisdiction over all persons subject to this Confidentiality Agreement and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Dated:** Melville, New York
 June 17, 2019

| | |
|---|---|
| The Law Offices of Ahmad Keshavarz | Marks, O'Neill, O'Brien, Doherty & Kelly P.C. |
| _____ | _____ |
| Ahmad Keshavarz, Esq. | Kaitlyn P. Long |
| Emma Caterine, Esq. | *Attorneys for Defendant,* |
| *Attorneys for Plaintiff* | *Capital Process Servers, Inc.* |
| ahmad@NewYorkConsumerAttorney.com | KLong@moodklaw.com |
| emma@NewYorkConsumerAttorney.com | moodklaw.com |

Marshall Dennehey Warner Coleman & Goggin

_____
Lori J. Quinn, Esq.
*Attorneys for Defendant,*
 *Selip & Stylianou, LLP*
105 Maxess Road, Suite 303
Melville, New York 11747
Tel: (631) 272-6347
Email: ljquinn@mdwcg.com

Barron & Newburger, PC

/s/ Mitchell L. Williamson
_____
Mitchell L. Williamson, Esq.
*Attorneys for Defendant,*
 *Palisades Collection, LLC*
mwilliamson@bn-lawyers.com

Abrams Garfinkel Margolis Bergson, LLP

/s/ Andrew Gefell
_____
Andrew Gefell, Esq.
*Attorneys for Defendants Houslanger &*
 *Associates, PLLC and Todd Houslanger*
agefell@agmblaw.com

**SO ORDERED.**

**Dated:** ___June 18, 2019_____

/s/ *Ramon E. Reyes, Jr.*
_____
Honorable Ramon E. Reyes, Jr.

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ISAAC LEVY,

                          PLAINTIFF,

        -V-

PLATINUM FINANCIAL SERVICES CORP. LLC, SELIP & STYLIANOU, LLP F/K/A COHEN & SLAMOWITZ, LLP, CAPITAL PROCESS SERVERS, INC., GERALD K. MURRAY, PALISADES COLLECTIONS, LLC, HOUSLANGER & ASSOCIATES, PLLC, AND TODD HOUSLANGER,

                          Defendants

Case No.: 1:18 cv 01806-ARR-VMS

**NON-DISCLOSURE AGREEMENT**

       I have been informed by counsel that certain documents, information or things (or portions thereof) to be disclosed to me in connection with the matter entitled Isaac Levy v Platinum Financial Services Corp. LLC, Selip & Stylianou, LLP f/k/a Cohen & Slamowitz, LLP, Capital Process Servers, Inc., Gerald K. Murray, Palisades Collections, LLC, Houslanger & Associates, PLLC and Todd Houslanger, filed in the United States District Court, Eastern District of New York, Case No: 1:18 cv 01806-ARR-VMS, have been designated as Confidential. I have been informed that such documents, information or things (or portions thereof) labeled **"CONFIDENTIAL" OR " CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT"** are confidential by Order of the Court.

       I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____

Attorney for: