

# ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

1430 Broadway • 17th Floor • New York, NY 10018 • P: 212-201-1170 • F: 212-201-1171 • www.agmblaw.com

July 1, 2019

**VIA ECF**
Hon. Ramon E. Reyes
United States District Court, Eastern District of New York
225 Cadman Plaza East, N208
Brooklyn, New York 11201

    Re:    <u>Levy v. Platinum Fin. Svs. Corp., et al.</u> No. 1:18-cv-06936 (DLI)(RER)

Dear Magistrate Judge Reyes:

    Defendants Houslanger & Associates, PLLC and Todd Houslanger (together, "Defendants"), submit this letter in opposition to Plaintiff's letter, dated June 25, 2019 ("Plaintiff's Letter") requesting a pre-motion conference to hold Defendants "in contempt for refusing to comply" with the Court's Docket Order, dated June 11, 2019 (the "Docket Order"). We respectfully submit that the Court should deny Plaintiff's Letter because Defendants have not refused to comply with the Docket Order. The Docket Order states:

> ORDER granting [62] Motion to Compel. The Houslanger defendants' objections to interrogatories 9-12 and document requests 13-16 are overruled. The Houslanger defendants are to provide supplemental, substantive responses to those discovery requests, and produce all responsive documents no later than June 24, 2019. Ordered by Magistrate Judge Ramon E. Reyes, Jr on 6/11/2019. (Reyes, Ramon)

    First, the Docket Order clearly applies to Interrogatories 9-12 and Document Requests 13-16, not, as Plaintiff contends, Document Requests 1-3, 5, 6, 8, 10 and 12, which are not mentioned in the Order. In any event, Defendants have produced documents responsive to Document Requests 1-3, 5, 6, 8, 10 and 12, which renders moot Plaintiff's argument regarding those Requests.

    Second, the drastic sanction of contempt is not warranted under the circumstances because Defendants have not willfully refused to comply with the Docket Order. Rather, for the reasons set forth in Defendants' letter, dated June 21, 2019, requesting a pre-motion conference for a motion to reconsider and stay enforcement of the Docket Order [Docket No. 70], Defendants' storage of documents and information does not enable Defendants to determine the number of times in 2017-2018 Defendants entered into a stipulation and/or settled or attempted to settle a

Honorable Ramon E. Reyes                                                                                                                                              Page 2
July 1, 2019

lawsuit with release language "substantially similar" to the mutual release that was proposed to Plaintiff. Determining these numbers would require individual review of thousands of files, an enormous task that is likely to require hundreds of hours of search time and, thus, not feasible to complete within the time frame of the Docket Order. Defendants do not know how many cases were settled in 2017-2018, let alone the manner in which they settled – *i.e.* with a stipulation similar to the stipulation offered to Plaintiff, with an order to show cause pending, or otherwise. There simply is too much variance regarding the resolution of each individual case to enable Defendants to answer Plaintiff's discovery demands.

Given this reality, Defendants proposed stipulating that: in 2017-2018, where, as with Plaintiff, Defendants were presented with the opportunity to settle a collection action, including an action to enforce an entered judgment, it was Defendants' practice to attempt to settle the action with a stipulation containing a mutual release similar to the stipulation that Defendants offered to Plaintiff.

The foregoing stipulation of fact effectively provides Plaintiff with the information sought by the subject discovery. Plaintiff argues that the "pattern and practice" discovery is relevant to prove the "consumer oriented" conduct element of the NYGBL Section 349 claim. Defendants' proposed stipulation, which Plaintiff's counsel unreasonably rejected, establishes that it was, in fact, Defendants' practice to offer stipulations similar to the stipulation offered to Plaintiff when settling or attempting to settle cases. The stipulation of fact that Defendants are prepared to provide in lieu of undertaking the burdensome production accomplishes the very same goal of the subject demands – establishing that, with respect to all collection cases that Defendants settled or attempted to settle in 2017-2018, it was Defendants' practice to use a mutual release that contained the same or similar language to the subject mutual release in this case which Plaintiff alleges to be objectionable.

We respectfully submit that Defendants are not being obstructive. However, if Defendants are required to review the documents in each of the thousands of individual files to determine the numbers sought by Plaintiff's discovery requests, we respectfully submit that Defendants be afforded sufficient time to do so and that Plaintiff should be required to pay for the cost.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Letter.

                                                      Respectfully submitted,

                                                      *s/ Robert J. Bergson*

                                                      Robert J. Bergson

cc:     All counsel of record (via ECF)